. JONES *v.* THE STATE.

No. 11354.  OCTOBER 15, 1936.

*James N. Rahal,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Samuel A. Cann, solicitor-general, B. D. Murphy, Andrew J. Ryan Jr.,* and *E. J. Clower,* contra.

BECK, Presiding Justice.  ■  Error is assigned upon the refusal of the court to declare a mistrial on motion based upon the use by the solicitor-general, in his argument to the jury, of the following language: "Gentlemen of the jury, over in England where a homicide has been committed the perpetrator of the crime is imme-

diately arraigned with no loss of time, given a speedy trial, and, if found guilty, justice is speedily meted out to him, and he has no other recourse, and as a result of this policy they have far less homicides in that country than in this country." The overruling of the motion was not error. The statement of the solicitor-general was not of such an inflammatory or prejudicial character as to injure the defendant. Moreover, the court stated to the jury that such argument was not proper, and instructed them to disregard it.

■  The other special assignment of error is that the court "failed to charge the jury on the principles of law applicable to good character in criminal cases." There was no request to charge upon this subject, and there was no evidence as to character other than the following statement made by the defendant: "Gentlemen, I was in Savannah for twenty-four years; never have been in this kind of trouble in my life. I beg you, gentlemen, to find me not guilty for what I did, which I did in defending my life." Consequently, even if the statement by the defendant introduced the subject of good character, the court was not required, in the absence of a written request, to charge upon that subject.

■  The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents, and Atkinson, J., absent because of illness.*

RUSSELL, Chief Justice, dissenting. In my opinion, the court's caution to the jury not to consider the language of the solicitor-general, of which complaint is made, was not a sufficient substitute for declaring a mistrial on motion by the defendant's counsel. The remarks of the solicitor-general were not as inflammatory as those reviewed by this court in some cases; but the language quoted was certainly dehors the record, and necessarily extremely prejudicial to the rights of the accused. The jury could not but be impressed that the State was demanding a speedy trial on account of the gravity of the offense.